Filed 6/3/21  P. v. Diez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B308729 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA096140) |
| v. | |
| ORLANDO DIEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Nicole C. Bershon, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In May 2017, defendant and appellant Orlando Diez was charged with attempted first degree residential burglary (Pen. Code, § 459, § 664; count 1) and being an accessory after the fact to residential burglary (§ 32; count 2). The felony complaint was subsequently amended by interlineation to add one count of second degree burglary (§ 459; count 3).

Defendant entered into a plea agreement in which he pled no contest to second degree burglary (count 3). Defendant admitted the offense was "not a Proposition 47 crime." The court accepted defendant's waiver of rights on the record and found a factual basis for the plea. Defendant was sentenced to two days in jail, 43 days of community labor and placed on three years formal probation. Counts 1 and 2 were dismissed.

In October 2019, the court summarily revoked probation. At the probation violation hearing, the court found defendant was not in violation of the terms of his probation and reinstated probation.

In August 2020, probation was revoked again due to defendant's failure to timely report. A bench warrant issued. At the probation violation hearing on September 25, 2020, defendant stipulated to the court's offer to serve 60 days in jail for his failure to timely complete the court-ordered community labor with a deletion of the community labor term of his probation. Defendant had been in custody following arrest on the bench warrant and was awarded 40 days of custody credits.

The prosecution made a request for the court to modify the terms of probation to include a stay away order for the alleged victim of a domestic violence incident for which defendant had been arrested a few weeks earlier but charges had not been filed.

Over defense objection, the court modified the terms of defendant's probation to include a level one protective order.

Defendant filed a notice of appeal and requested a certificate of probable cause on the propriety of the court's modification of probation to include the protective order.

At a hearing on October 14, 2020, the court removed the protective order as a term and condition of defendant's probation. The court denied as moot defendant's request for a certificate of probable cause.

We appointed appellate counsel to represent defendant. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the record to defendant. No supplemental brief was filed.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with his responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

## DISPOSITION

The order denying defendant's motion is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.


OHTA, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.